IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| GARY M., | : | Case No. 1:23-cv-665 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Kimberly A. Jolson |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 12)**

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Kimberly A. Jolson (Doc. 12), to whom this case is referred pursuant to 28 U.S.C. § 636(b). Noting that no objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court hereby **ADOPTS** said Report and Recommendation in its entirety.

Accordingly, the Court **ORDERS** the following:

1. The parties' Joint Motion to Remand (Doc. 11) is **GRANTED**;

2. The Clerk of Court **SHALL ENTER** judgment in Plaintiff's favor under Fed. R. Civ. P. 58;

3. This matter is **REMANDED** to the Social Security Administration, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration consistent with the Report and Recommendation and the parties' stipulation; and

4. The case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

**GARY M.,**

        **Plaintiff,**

v.

        Civil Action 1:23-cv-00665
        Judge Matthew W. McFarland
        Magistrate Judge Kimberly A. Jolson

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Gary M., brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter is presently before the Court on the parties' joint motion to remand this case to the Commissioner for further administrative proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 11). Based on the stipulation of the parties and for good cause shown, it is **RECOMMENDED** that:

1. The parties' Joint Motion to Remand (Doc. 11) be **GRANTED**;

2. The Clerk of Court enter judgment in Plaintiff's favor under Fed. R. Civ. P. 58;

3. This matter be **REMANDED** to the Social Security Administration, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration consistent with this Report and Recommendation and the parties' stipulation; and

4. The case is terminated on the docket of this Court.

Date: April 11, 2024        /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).